## CIRCUIT COURT OF FAIRFAX COUNTY

American PCS, L.P. et al.

v.

Fairfax County
Zoning Appeals Board

July 30, 1996

Case No. C-140791

BY JUDGE F. BRUCE BACH

This matter comes before the Court on the petition of American PCS, L.P. ("APC") for a writ of certiorari requesting the Court to reverse the decision of Respondent, the Fairfax County Board of Zoning Appeals ("BZA"), denying APC's application for a special permit exception to locate a monopole on certain property located in Fairfax County. BZA argues that its decision denying the special permit was proper and requests this Court to dismiss APC's petition for a writ of certiorari with prejudice. For the reasons stated below, I deny APC's motion and affirm the decision of the BZA.

### Background

APC sought a special exception to place a 125-foot cellular transmission monopole and two equipment cabinets on a residential lot owned by the Scarborough family in the Hunter Hill District. The site is zoned Residential-Estate (R-E) and contains one primary dwelling unit.

APC initially made its request to construct this structure by letter dated December 5, 1994. This request was denied by Barbara A. Byron, Director of the Zoning Evaluation Division, on January 12, 1995, by letter. Byron stated that the Division could not legally approve the special exception application because it would be in conflict with § 2-501 of the Fairfax County Zoning Ordinance, which allows only "one (1) dwelling unit on any one (1) lot" and requires that no "dwelling unit be located on the

same lot with any other principal building." APC requested the Division, by letter dated January 26, 1995, to reconsider its denial. However, the Division affirmed its determination on February 24, 1995, and denied reconsideration. APC appealed this determination by filing its application for appeal on March 27, 1995.

A public hearing regarding APC's appeal was held on July 11, 1995. At this hearing, the BZA upheld the Zoning Administrator's determination that the approval of this special exception application would conflict with § 2-501 of the Fairfax County Zoning Ordinance. APC filed its petition for a writ of certiorari on August 15, 1995. The Telecommunications Act of 1996 was signed into law on February 8, 1996.

## I. *Jurisdiction*

I find that the BZA had jurisdiction to hear APC's appeal. Assuming without deciding that the letter from Byron was a written notice of violation, decision, or order, the letter did not contain the language required by Virginia Code § 15.1-496.1 regarding filing an appeal. *See* § 15.1-496.1 of the Virginia Code. Therefore, the time period for filing an appeal was not triggered. I find that, under these circumstances, the appeal was timely, and the BZA had jurisdiction to hear the appeal.

## II. *Violation of § 2-501 of the Fairfax County Zoning Ordinance*

The definitions in the Fairfax County Zoning Ordinance are plain and unambiguous. I find that a monopole, in this case, would constitute a "principal" use or building and would not be an "accessory" or an "accessory service use."[1] Section 2-501 of the Zoning Ordinance states that

---

[1] An accessory use is a use or building which: "(1) is clearly subordinate to, customarily found in association with, and serves a principal use; and (2) is subordinate in purpose, area, or extent to the principal use served; and (3) contributes to the comfort, convenience, or necessity of the occupants, business enterprise or industrial operation within the principal use served; and (4) is located on the same lot as the principal use, except any building that is customarily incidental to any agricultural use shall be deemed to be an accessory use, whether or not it is situated on the same lot with the principal building."

An accessory service use is a use which: "(1) is subordinate to and serves a principal use; and (2) is subordinate in purpose, area and extent to the principal use served; and (3) contributes primarily to the comfort and convenience of the occupants, business enterprise, or industrial use served; and (4) is generally located within the building housing the principal use served, except as qualified by the provisions of § 10-203."

"[t]here shall not be more than one (1) dwelling unit on any one (1) lot, nor shall a dwelling unit be located on the same lot with any other principal building." Because a residence exists on the property already, § 2-501 prohibits the building of the monopole at issue in this case.

### III. *The Telecommunications Act of 1996*

APC argues that federal law preempts the Fairfax County Zoning Ordinance and claims that the BZA's interpretation of § 2-501 of the Zoning Ordinance would result in certain residential areas being denied cellular communications. APC asserts that this denial of cellular services would be in contravention to the federal mandate in the Telecommunications Act of 1996 and in conflict with federal laws that preempt state and local regulations on this issue.

The BZA argues that, at the time of the incident at issue, there were no laws that would preclude the County from regulating telecommunication facilities and further argues that the regulation of the proposed use at issue is not in conflict with any federal law.

I find that the Telecommunications Act of 1996 was not signed into law at the time of the decision of the BZA, nor was it signed at the time APC filed its petition for a writ of mandamus, and therefore, it does not apply to the present case. Furthermore, I find that the sections of the Fairfax Zoning Ordinance at issue do not conflict with the Telecommunications Act of 1996.

### IV. *Discriminatory Application of the Zoning Laws*

"The BZA's decision is presumed to be correct and can be reversed or modified only if the trial court determines that the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *See, Foster v. Geller*, 248 Va. 563, 566 (1994) (citations omitted).

APC's argument that the BZA's application of the Zoning Ordinance is unconstitutional is without merit. The BZA did not unreasonably restrict the placement of monopoles in Fairfax County, and its decision to deny APC's application was not erroneous in this case. There was no credible

---

A building is defined as "[a]ny structure used or intended for supporting or sheltering any use or occupancy." A principal building is a "building in which the primary use of the lot on which the building is located is conducted." A principal use is defined as the "main use of land or structures as distinguished from secondary or accessory uses." *See* § 20-300 of the Fairfax County Zoning Ordinance.

evidence presented of discrimination by the BZA against APC. The Zoning Ordinance clearly allows for certain secondary uses in districts which already contain a principal use, provided certain requirements are met. *See* Article 6 of the Fairfax County Zoning Ordinance. There is no absolute prohibition against wireless services or construction of monopoles evident in this case. Further, the requirement of obtaining a special exception to construct a monopole is a reasonable restriction. I find that the terms of the Zoning Ordinance are not unreasonably vague, and the BZA has not made an unconstitutional interpretation of the Zoning Ordinance.